UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| CHRISTINE BONEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:09-CV-158-TS |
| | ) | |
| HAMILTON GROVE, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

This matter is before the Court on the Defendant's Motion to Dismiss [DE 9], filed on June 23, 2009. Also on June 23, the Defendant filed a Memorandum in Support [DE 10] of its Motion. On June 30, the Plaintiff, who is proceeding *pro se*, filed a response [DE 11].

On April 13, the Plaintiff filed a form Employment Discrimination Complaint [DE 1]. Although the Complaint references an injury to the Plaintiff's left hand suffered in an automobile accident that occurred while she was on her way to work and a call from the Defendant instructing her to return to work or she would not have a job, the Plaintiff did not complete portions of the form. For instance, the jury trial demand, the basis of claim and jurisdiction, and the facts in support of complaint sections are incomplete. The relief she seeks is "[r]elief from her pain and suffering" and "a standard reference for another job somewhere else." (Pl.'s Compl. 3.) In its Motion to Dismiss and Memorandum in Support, the Defendant seeks dismissal of the Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.

To state a claim under the federal notice pleading standards, all that a complaint must do is set forth "a short and plain statement of the grounds for the court's jurisdiction," "a short and plain statement of the claim showing that the pleader is entitled to relief," and "a demand for

relief sought." Fed. R. Civ. P. 8(a). Factual allegations are accepted as true and need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'" *EEOC v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)) (other citation omitted). However, complaints must provide more than labels and conclusions, formulaic recitations of the elements of causes of action, and facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. at 555. Thus, a plaintiff's allegations must show that his or her entitlement to relief is plausible, rather than merely speculative. *Tamayo v. Blagojevich,* 526 F.3d 1074, 1083 (7th Cir. 2008). When ruling on Rule 12(b)(6) motions to dismiss, courts accept as true all well-pleaded allegations, view complaints in the light most favorable to the plaintiffs, and draw all reasonable inferences in their favor. *Id.* at 1081.

The Court is also mindful of the unique challenges faced by *pro se* litigants. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, —, 127 S.Ct. 2197, 2200 (2007) (internal quotation marks and citations omitted). Nevertheless, *pro se* "litigants are not exempt from procedural rules," *Jones v. Memorial Hosp. of South Bend, Inc.*, 301 Fed. Appx. 548, 548 (7th Cir. 2008) (citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008)), and "at some point the factual detail in a complaint may be so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," *Airborne Beepers & Video, Inc., v. AT & T Mobility LLC,* 499 F.3d 663, 667 (7th Cir. 2007).

Even accepting as true all well-pleaded allegations, viewing them in the light most

favorable to the Plaintiff, drawing all reasonable inferences in the Plaintiff's favor, and applying to the Complaint the more lenient review standard to which *pro se* pleadings are held, the Plaintiff's Complaint fails to state a claim upon which relief can be granted. The Complaint fails to indicate which federal statute provides a basis for her claim and this Court's jurisdiction. Although a reference is made to "a medical disability" in a letter-like document attached to the Complaint, (DE 1-3 at 5), the factual detail in the Complaint is sketchy at best, and the Complaint fails to include allegations of unlawful discrimination by the Defendant. Additionally, no charge of discrimination is attached to the Complaint. Thus, the Plaintiff has not alleged facts that would established a violation of a federal statute governing employment discrimination, the facts alleged do not raise a right to relief above the speculative level, and the Complaint fails to give the Defendant fair notice of what the Plaintiff's claim is and the grounds upon which it rests.

## CONCLUSION

For these reasons, the Court GRANTS the Defendant's Motion to Dismiss [DE 9] and DISMISSES the Plaintiff's Complaint WITHOUT PREJUDICE. The Plaintiff is GRANTED LEAVE TO AMEND her Complaint within thirty (30) days of the date of entry of this Opinion and Order, but any amended complaint must comply with the requirements mandated by the Federal Rules of Civil Procedure.

SO ORDERED on July 27, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION